IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS LACARL JONES § <br> (BOP Register No. 29423-079), § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> DJ HARMON, Warden, FCI Seagoville, § <br> § <br> Respondent. § | No. 3:17-cv-1652-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner DeMarcus LaCarl Jones, an inmate at FCI Seagoville (an institution in the Dallas Division of this district), has filed, under 28 U.S.C. § 2241, a *pro se* habeas petition challenging his criminal judgment under 28 U.S.C. § 2255(e) – Section 2255's "savings clause." This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Jones's Section 2241 petition for lack of jurisdiction.

**Applicable Background**

Jones pleaded guilty to being a felon in possession of a firearm, he was sentenced to the statutory maximum of 120 months of imprisonment, and the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *See United*

*States v. Jones*, 435 F.3d 451 (5th Cir.), *cert. denied*, 547 U.S. 1029 (2006). Jones now challenges the federal criminal judgment under Section 2255(e), arguing that he is actually innocent under *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016).

## Legal Standards

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see, e.g., Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("[S]ection 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming such a summary dismissal))).

28 U.S.C. § 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*,

211 F.3d 876, 877 (5th Cir. 2000))). And a Section 2241 petition "that raises errors that occurred at or prior to sentencing" – like Jones's Section 2241 petition – "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78).

> But, under Section 2255's
>
> savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

## Analysis

> *Mathis* resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a certain type of offense under federal criminal and immigration laws.... *Mathis* held that only the elements matter. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense and others that do not, the ordinary categorical approach applies and there is no match to the generic offense.

*Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016).

> The modified categorical approach may only be applied where a statute

>   is "divisible" – that is, the statute "'sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile.'" *United States v. Hinkle*, 832 F.3d 569, 573 (5th Cir. 2016) (quoting *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013)). Under this approach, "a court may look to certain documents, including the indictment and the judgment, to narrow an offense that otherwise would not be a categorical match with an enumerated offense." *Gomez-Perez*, 829 F.3d at 326; *see also Descamps*, 133 S. Ct. at 2281 ("If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.").

*Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017).

As Jones recognizes, *see* Dkt. No. 3 at 8, *Mathis* does not meet the retroactively-applicable-decision prong of *Reyes-Requena*,

In the Fifth Circuit, there is no requirement "that the Supreme Court must have made the determination of retroactivity." *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)). That said, "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent." *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (concluding that "*Mathis* did not announce a new rule" and that "courts applying *Mathis* have consistently reached the same conclusion" (collecting cases)); *accord Sanchez-Sanchez*, 2017 WL 477314, at *2.[1]

---

[1] *See also Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D. Tex. Jan. 26, 2017) (noting that the Supreme Court "has not suggested that *Mathis* announced a watershed rule of criminal procedure or that an infringement of the rule

Accordingly, as Jones's Section 2241 petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider the petition," *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland*, 615 F.3d at 394; *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)).

## Recommendation

The Court should summarily dismiss the habeas petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

---

would seriously diminish the likelihood of an accurate conviction," before *sua sponte* dismissing, under Section 2243, a "savings clause"-based Section 2241 petition); *United States v. Hamilton*, ___ F. Supp. 3d ___, No. 06-CR-188-TCK, 2017 WL 368512, at *4 (N.D. Okla. Jan. 25, 2017) ("*Mathis* does not announce a new rule of law or have retroactive application to cases on collateral review. Therefore, *Mathis* would not entitle a defendant originally sentenced under the [ACCA's] enumerated offense clause to seek collateral relief on grounds that a sentencing court applied the now-invalid modified categorical approach." (citation omitted)); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017) ("*Mathis* was simply an application of *Descamps[ v. United States*, 133 S. Ct. 2276 (2013)]; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*. Clearly, then, *Mathis* did not announce a 'new' rule of constitutional law." (citation omitted)).

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE